AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**WILMER ORLANDO CANELAS-NAJERA**

*Defendant*

Case No. 25-MJ-5075

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about April 2, 2025, in the Western District of New York, the defendant, WILMER ORLANDO CANELAS-NAJERA, an alien who had previously been deported and removed from the United States on or about September 13, 2017, was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security, to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a); and

On or about April 2, 2025, in the Western District of New York, the defendant, WILMER ORLANDO CANELAS-NAJERA did connive, conspire, and take any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure pursuant to a final order of removal in violation of Title 8, United States Code, Section 1253.

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

KEITH E. BENDER
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION
*Printed name and title*

Sworn to before me and signed telephonically.
Date: April 4th, 2025

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF ERIE       )  SS:
CITY OF BUFFALO      )

**KEITH E. BENDER** being duly sworn deposes and states:

1. I am a Special Agent of the United States Department of Justice, Federal Bureau of Investigation ("FBI"), and I am empowered by law to investigate and make arrests for offenses enumerated in Title 18, including 18 U.S.C. § 2113. As such, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7). I have been employed as a Special Agent of the FBI since 2009 and am currently assigned to the Buffalo Field Office, Safe Streets Task Force ("SSTF"). While employed by the FBI, I have investigated federal criminal violations related to violent street gangs, firearms trafficking, narcotics trafficking, robberies, immigration matters, organized crime, and terrorism. I have gained experience through training by the FBI and the investigations in which I have personally participated.

2. As part of my current duties, I have become involved in an investigation of a suspected violations of Title 8, United States Code, Section 1326(a) and Title 8, United States Code, Section 1253.

3. I make this affidavit in support of the annexed criminal complaint charging WILMER ORLANDO CANELAS-NAJERA, hereinafter referred to as "CANELAS," an

alien born in 1980 in Honduras, with being found in the United States without the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security after having been deported or removed from the United States in violation of Title 8, United States Code, Sections 1326(a); and also charging CANELAS with conniving, conspiring, and taking any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure pursuant to a final order of removal in violation of Title 8, United States Code, Section 1253.

4.  The statements contained in this affidavit are based upon my personal knowledge and upon information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that CANELAS did knowingly violate Title 8, United States Code, Sections 1326(a), and Title 8, United States Code, Section 1253.

## PROBABLE CAUSE

5.  On April 1, 2025, United States Border Patrol (USBP) Agents Cockerel, O'Neill and Hurd, assigned to the Anti-Smuggling Unit (ASU), were conducting plain clothes surveillance near the Marriot hotel in Amherst, NY. While in the parking lot, agents conducted record checks on a Chevrolet Silverado displaying Maryland 8GL7603 license

plates. This Silverado returned to "CANELAS, Wilmer", an illegal alien who had previously been removed from the Unites States of America.

6. At approximately 8:15 P.M., agents observed two individuals exiting the Marriott hotel enroute to a local restaurant across the street from the hotel. One of the subjects matched the description of CANELAS. When the individuals returned to the hotel, Agent Cockerel approached both individuals asking if one of them was named "Wilmer." The individual that matched CANELAS' description responded, "Yes." Agents Cockerel and O'Neill identified themselves as United States Border Patrol Agents, at which point CANELAS shouted "Run!" Both individuals ran in opposite directions fleeing the agents.

7. Agent Cockerel was able to apprehend Ebber MARTINEZ-SERRANO, a citizen of Honduras. MARTINEZ-SERRANO was transported back to the Buffalo Border Patrol Station by Supervisory Border Patrol Agent (SBPA) Steenbakker.

8. The other subject, CANELAS, fled down Flint Road. As Agent O'Neill pursued CANELAS him, CANELAS threw a bag of food at the agent. CANELAS then ran across eight (8) lanes of traffic on Millersport Highway towards an apartment complex. For safety reasons, Agent O'Neill terminated pursuit of CANELAS, who was last seen running down Millersport Highway. Several additional agents arrived on scene to assist in searching for CANELAS. Supervisory Border Patrol Agent (SBPA) McClure arrived in plain clothes and in an unmarked government vehicle to maintain visual on CANELAS' vehicle to ensure it did not leave the area.

9. At approximately 1:30 A.M., Agent Hurd went back to the hotel to meet with SBPA McClure. Agents McClure and Hurd witnessed a unknown individual on the 5th floor looking out the window towards the parking lot. The unknown individual exited the hotel and approached the black Chevrolet Silverado (MD-8GL7603), retrieved tools from the truck, and proceeded back inside the hotel.

10. Agent Hurd went up the 5th floor and noticed CANELAS in the hallway looking out the window at SBPA McClure. When CANELAS turned around, Agent Hurd identified himself as a Border Patrol Agent. CANELAS said he did not want to answer any questions. Agent Hurd told him that "we know that you are Wilmer.'" CANELAS yelled back that Agent Hurd had no right to be in the hallway. Agent Hurd had his handcuffs in his hands and CANELAS approached Agent Hurd and pushed Agent Hurd's hands two times, causing Agent Hurd to step back. CANELAS then maneuvered around Agent Hurd and ran into a hotel room and locked the door. Agent Hurd went back to the parking lot with SBPA McClure and observed CANELAS looking out the hotel room window. Subsequently, Agent Rouch arrived in a marked Border Patrol vehicle and maintained surveillance of the black Chevy Silverado (MD-8GL7603).

11. On April 2, 2025, at approximately 12:00 P.M., Agents Jones and Tamayo went to the front desk of the Marriott. Jones and Tamayo identified themselves as Border Patrol Agents and presented their credentials to the Hotel Manager. The manager asked if this had to do with the incident that had occurred the previous night. Agent Jones affirmed and showed a photo of CANELAS to her and asked if she had seen him today. She explained

that the two individuals from last night were not staying at the Marriott but were staying at the Double Tree Inn (adjacent to the Marriot). Agent Jones explained that Agent Hurd witnessed CANELAS enter Room 526 on the 5th floor of the Marriot. She explained that nobody should have a key, nor be in Room 526. She further stated that this room was marked out as being under maintenance. At that time, she called a maintenance worker and instructed him to open the door of Room 526. As the maintenance worker opened the door, CANELAS was sitting in the room on the bed. Agents Jones, Tamayo, Dunlop and Hess entered the room and identified themselves as Border Patrol Agents. They placed CANELAS under arrest and had CANELAS transported to the Buffalo Border Patrol Station.

12. USBP Agent Michael Allen conducted an electronic search of CANELAS' fingerprints in the Integrated Automated Fingerprint Identification System (IAFIS) to verify his identity and his immigration history in the United States. This query resulted in a positive response indicating that CANELAS was an exact biometric match to FBI number XXXXXEB3, and immigration fingerprint identification number XXX328. The FBI and immigration fingerprint identification records both referenced DHS alien file number AXXX XXX 562.

13. Immigration electronic database record checks associated with alien number AXXX XXX 562 and immigration fingerprint identification number XXX328 confirmed that CANELAS was discovered while illegally present in the United States in April 1997 by USBP agents in Brownsville, Texas. Jimenez was issued a Notice to Appear for September 3, 1997,

in Harlingen, Texas. CANELAS failed to appear at his immigration hearing and was ordered removed in absentia by an immigration judge.

14. CANALES was apprehended on March 3, 2017, by the Immigration and Customs Enforcement (ICE) Fugitive Ops team in Alexandria, Virginia. CANALES was processed as a Bag and Baggage from his original order of removal (September 3, 1997). CANELAS physically departed the United States on May 12, 2017, from Laredo, Texas.

15. On September 2, 2017, CANALES was again apprehended by the United States Border Patrol near Rio Grande City, Texas. CANELAS had his prior order of removal reinstated. CANELAS physically departed the United States on September 13, 2017, from Brownsville, Texas.

16. CANELAS claims to have illegally re-entered into the United States of America in McAllen, Texas in 2017. There is no documentation or evidence to substantiate this claim.

17. Your affiant is aware that USBP has requested from the National Records Center alien file number AXXX XXX 562 for review of the file's contents, to date this file has not been received.

18. Electronic immigration benefit record checks and a review of alien file number AXXX XXX 562 failed to show that CANELAS had applied for or received permission to reenter the United States from the Attorney General or the Secretary of the Department of Homeland Security.

19. WHEREFORE, I respectfully submit the foregoing facts establish probable cause to believe that on or about April 2, 2025, WILMER ORLANDO CANELAS-NAJERA, an alien, was found in the United States after having been previously deported or removed from the United States, without the express consent from the United States Attorney General or the Secretary for the Department of Homeland Security, in violation of Title 8, United States Code Sections 1326(a); and WILMER ORLANDO CANELAS-NAJERA did connive, conspire, and take any other action, designed to prevent or hamper or with the purpose of preventing or hampering his departure pursuant to a final order of removal in violation of Title 8, United States Code, Section 1253.

*Keith E. Bender*
KEITH E. BENDER
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed telephonically
this 4th day of April 2025.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge